UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY GOODWIN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     3:15-cv-00789-WWE |
| | : |
| CITY OF NEW HAVEN and<br>DEAN ESSERMAN,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff is a police officer for defendant City of New Haven. Defendant Dean Esserman is the Chief of Police for the City. Defendants have moved to dismiss plaintiff's complaint in its entirety [Docs. #9, #12, and #18]. Plaintiff has not responded, and all deadlines passed in January 2016. For the following reasons, defendants' motions to dismiss will be granted.

**BACKGROUND**

Plaintiff alleges that defendants have "unfairly punished and disciplined" him based on his gender and based upon his complaints about defendants' "unlawful conduct."

On July 21, 2010, the New Haven Police Department issued a dress code policy for the Investigative Services Unit, of which plaintiff was a member. Plaintiff alleges that the policy is more strict for male officers than it is for female officers. Plaintiff stated his concerns about the discrepancy to supervisors on many occasions. Despite plaintiff's concerns, nothing was done to change the dress code policy.

Plaintiff alleges that while he was forced to strictly adhere to the policy, female officers were routinely permitted to disregard the dress code without consequence. However, plaintiff explicitly asserts in his complaint that other male officers were violating the policy without discipline, undercutting his claims of gender discrimination.

On July 1, 2012, plaintiff authored a "Memorandum and Petition" seeking a revision of the dress code, asserting that such revision would "allow male detectives to perform their job functions more effectively[,] safely, and beneficially ... particularly in very hot or inclement weather." On July 8, 2012, plaintiff provided a copy of the memo to his union, which forwarded a copy to Assistant Chief Archie Generoso, who responded angrily at the following morning's lineup.

On July 9, 2012, Chief Esserman ordered plaintiff to report to the Chief's office to reprimand plaintiff for attempting to arrest two New Haven sanitation workers. Plaintiff alleges that the discipline was pretextual retaliation for his complaints about gender discrimination.

On another occasion, plaintiff was reprimanded for parking in the garage adjoining the police station on a weekend day, when many spaces were available.

Chief Esserman eventually suspended plaintiff for two days. Plaintiff asserts that the discipline was in response to plaintiff's wearing of a polo shirt to work during a heatwave three months prior.

Plaintiff asserts that defendants' actions were discriminatory and retaliatory in that they were based upon plaintiff's gender and creed. Plaintiff alleges that his rights to equal protection, due process, and free speech have been violated. Finally, plaintiff alleges intentional infliction of emotional distress.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.

1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Formulaic recitation of the elements of a cause of action is insufficient to survive a motion to dismiss, and courts are not bound to accept as true legal conclusions couched as factual allegations.  Twombly at 555.

       The City of New Haven has moved to dismiss Counts I and II, which assert violations of Title VII of the Civil Rights Act and the Connecticut Fair Employment Practices Act.  These discrimiation claims will be dismissed because they fail to set forth viable claims for discrimination on the basis of plaintiff's gender or creed.  Plaintiff's complaint acknowledges that defendants' disciplinary actions were based in part on perceived misconduct by plaintiff unrelated to his gender or creed.[1]  Such allegations reduce the likelihood that plaintiff's opposition to discrimination was the but-for cause of defendants' challenged actions and therefore fail to raise a right to relief above the speculative level.  See University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517, 2532 (2013) (discussing the but-for cause standard of Title VII retaliation claims).  Moreover, an employee's decision to report discriminatory behavior does not immunize that employee from antipathy, snubbing, and other

---

[1] For example: "In addition to retaliation for his complaints about gender discrimination, this discipline was in retaliation for his attempt to arrest employees of the defendant's sanitation department."  Pl.'s Compl. at ¶ 31, ECF No. 1.

petty slights that often take place at work.² Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). Accordingly, plaintiff's retaliation claims will be dismissed. In addition, there is no basis for *Monel* liability (Count III) absent an underlying constitutional violation. Segal v. City of New York, 459 F. 3d 207, 219-20 (2d Cir. 2006).

Chief Dean Esserman has moved to dismiss Count IV, which asserts discrimination and retaliation in violation of plaintiff's constitutional rights to equal protection, due process, and freedom of speech. Plaintiff has failed to allege any cognizable constitutional violations. Accordingly, Count IV will be dismissed.

Finally, Chief Esserman has moved to dismiss Count V, which asserts intentional infliction of emotional distress. Plaintiff has failed to allege extreme and outrageous conduct. See Morrissey v. Yale University, 268 Conn. 426, 428 (2004) ("Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Accordingly, Count V will be dismissed.

---

²For example, plaintiff complains: "On one occasion, the plaintiff was reprimanded for parking in the garage adjoining the police station on a weekend day, when many spaces were available." Pl.'s Compl. at ¶ 34, ECF No. 1.

## CONCLUSION

Upon review of the merits, and absent objection, defendants' motions to dismiss [Docs. #9, #12, and #18] are GRANTED.  The Clerk is instructed to close this case.

Dated this 25th day of April, 2016, at Bridgeport, Connecticut.


       /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE